

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00665-CV

**IN THE INTEREST OF R.S.D.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00894
Honorable Paul Canales, Judge Presiding[1]

Opinion by:     Sandee Bryan Marion, Justice

Sitting:     Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 3, 2014

AFFIRMED IN PART; REVERSED IN PART AND RENDERED

The trial court terminated appellant's parental rights on the grounds that appellant constructively abandoned her child; failed to comply with a court order that specifically established the actions necessary for her to obtain the child's return; and knowingly engaged in criminal conduct that resulted in her conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of the filing of the petition.[2] TEX. FAM. CODE ANN. § 161.001(1)(N), (O), (Q) (West 2014). The trial court also found that termination was in the child's best interest. *Id*. § 161.00(2). In this accelerated appeal from the

---

[1] Sitting by assignment.

[2] The trial court also terminated appellant's parental rights on the grounds that she executed an unrevoked or irrevocable affidavit of relinquishment of parental rights. However, the record reveals that only the child's father signed an affidavit of relinquishment.

trial court's termination order, appellant challenges the legal and factual sufficiency of the evidence in support of the trial court's findings, and she asserts she did not receive effective assistance of counsel at trial. Because we conclude there is insufficient evidence to support the trial court's best interest finding as to appellant, we address only that issue on appeal.[3]

## BACKGROUND

The child was taken into care in April 2012, appellant was incarcerated for possession of a controlled substance in April 2012, and, as of the time of trial in June 2013, had not seen her child for more than a year because she was incarcerated. Leticia Gutierrez, the Department of Family and Protective Services' caseworker, testified appellant had not completed all of her service plan, but appellant had completed parenting classes, was attending narcotics anonymous ("NA") meetings, was going to start a domestic violence class, and maintained contact with the Department. Appellant also tested for a GED high school equivalency diploma, but Gutierrez did not have those results. Gutierrez said some of the uncompleted services were available to appellant while she was incarcerated, but she did not otherwise elaborate. Appellant's projected release date was 2016, although she might be eligible for parole sooner. Gutierrez said appellant was incarcerated sometime in April 2012, that she (Gutierrez) had been assigned the case sometime in March 2013, and since that time, appellant had not visited with her child. However, Gutierrez thought appellant visited with her child at the beginning of the case, but could not remember how many times.

Gutierrez said the child, who was almost four years old at the time of the termination hearing, is developing slowly, needs a lot of redirection from the caregiver, is in speech therapy, has a learning disorder, and has been diagnosed with ADHD. Gutierrez had no opinion on whether

---

[3] In the same termination order, the trial court also terminated the parental rights of the child's father. The father did not appeal the order.

appellant might be a danger to the child; however, appellant admitted using cocaine at the beginning of the case [apparently the day before the Department's home visit]. Gutierrez stated the Department was asking that appellant's parental rights be terminated because appellant had not completed all of her service plan and she was going to be incarcerated for two or more years. Gutierrez said termination was in the child's best interest because he needed a permanent home and his paternal aunt in California was willing to adopt him.

Next, appellant testified by telephone. Appellant admitted she used cocaine, but stated she did not have a substance abuse problem because she "had snorted a lighter cocaine that might mean [she] was overstressed." Appellant admitted she was wrong and said she could change in the future. She said she was incarcerated after her probation was revoked on a prostitution charge that was later dismissed. As for her parole, she said she was not granted parole at her last review, but she was up for review again in two months. Appellant said she does not know who her caseworker is because they keep changing and not informing her of the new caseworker's name. She has finished her parenting class and domestic violence class, and attends NA classes monthly. She also undergoes counseling.

Appellant testified that when she was first incarcerated, she was in county jail and in the "MATCH" program that would have allowed her visits with her son, but she was not allowed visits despite trying "everything in [her] power to have visitation with [her] son." She is also in a program called Supporting Books that allows her to read a story to her son on tape and then send him the tape recording. She said she did not know if her son received the tapes because she had received no response from her caseworker since February. She said she has almost completed her GED, lacking only the math portion of the program.

Appellant testified that if she is paroled, she will live with her aunt who has a stable home in Odessa, Texas. As for employment, appellant is on disability. Appellant said that if her rights

are terminated, she was "comfortable" with the child being with the paternal relatives. However, she hoped the court would allow her to maintain her parental rights and be the mother she knows she can be for her son.

Finally, the child's father testified, and he asked the court to accept his relinquishment as the sole basis for the termination of his parental rights. He believed placing his son with the aunt in California was in the child's best interest, but he did not explain why.

### BEST INTEREST OF THE CHILD

On appeal, appellant challenges the sufficiency of the evidence in support of the trial court's best interest finding, and she contends the Department's main argument was that the child needed to move forward with permanency.

A trial court may order termination of the parent-child relationship only if the court finds by clear and convincing evidence one or more statutory grounds for termination and that termination is in the child's best interest. *Id.* § 161.001(1), (2); § 161.206(a); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE § 101.007. We review the sufficiency of the evidence to support the termination of parental rights under the well-established standards for legal and factual sufficiency of the evidence.[4] *See In re J.F.C.*, 96 S.W.3d at 266.

---

[4] We note that the State asked the trial court to take judicial notice of its files; however, the trial court did not rule on the request. "A trial court may take judicial notice of its own records in matters that are generally known, easily proven, and not reasonably disputed." *In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.). Therefore, a court may take judicial notice that a pleading has been filed in the case, that it has signed an order, or of the law of another jurisdiction. *Id.* Thus, in this case, the trial court could have properly taken judicial notice that it signed an order adopting the family service plan and what the plan listed as the necessary requirements appellant was required to complete before her son would be returned to her. *Id.* But, even if we assume the trial court took judicial notice of its files, the clerk's record contains, as additional potential evidence, only an affidavit prepared in April 2012 and attached to the State's petition for termination. A court may not take judicial notice of the *truth* of allegations in its records. *See id.* (emphasis added) (holding trial court could not take judicial notice of allegations caseworker made in family service plan or in affidavit attached to Department's petition). Therefore, the affidavit attached to the

There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). In determining whether termination of parental rights is in a child's best interest, courts may apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.*

Also, evidence that proves one or more statutory grounds for termination may constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). A best-interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). A trier of fact may measure a parent's future conduct by her past conduct and determine whether termination of parental rights is in the child's best interest. *Id.*

With the *Holley* factors and these rules in mind, we review the evidence.

---

Department's petition cannot support the termination order. Accordingly, we are limited to reviewing only the evidence admitted at the termination hearing.

**A.**     **Desires of the Child, and the Emotional and Physical Needs of the Child Now and In the Future**

The child is too young to have stated his desires; however, his emotional and physical needs now and in the future were established through Gutierrez's testimony that the child is developing slowly, needs a lot of redirection from his caregiver, is in speech therapy, has a learning disorder, and has been diagnosed with ADHD.

**B.**     **The Emotional and Physical Danger to the Child Now and In the Future**

There is no evidence in the record of any emotional or physical danger to the child now or in the future because Gutierrez said she had no opinion on whether appellant might be a danger to the child.

**C.**     **Parental Abilities of the Individuals Seeking Custody, Programs Available to Assist These Individuals to Promote the Best Interest of the Child, Plans for the Child by the Individuals Seeking Custody, and Stability of the Home or Proposed Placement**

Although the child's father believed placing his son with his paternal aunt in California was in the child's best interest, and Gutierrez opined that termination was in the child's best interest because he needed a permanent home and his paternal aunt in California was willing to adopt him, nothing is known about the aunt or her home in California.  Therefore, there is no evidence about the aunt's parental abilities, regarding the programs available to assist the aunt to promote the best interest of the child, the plans for the child by the aunt seeking custody, or the stability of the aunt's home.  *See In re A.H.*, 414 S.W.3d 802, 807 (Tex. App.—San Antonio 2013, no pet.) (holding that "conclusory testimony, such as the caseworker's, even if uncontradicted does not amount to more than a scintilla of evidence[, a]nd, '[a]lthough [a parent's] behavior may reasonably suggest that a child would be better off with a new family, the best interest standard does not permit termination merely because a child might be better off living elsewhere.'").

**D.     Acts or Omissions of the Parent That May Indicate the Existing Parent-Child Relationship is Not a Proper One, and Any Excuse for the Acts or Omissions of the Parent**

The final *Holley* factors focus on the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one, and on any excuse for the acts or omissions of the parent. Other than the fact that appellant was incarcerated at the time of trial, with a projected release date in 2016 and the possibility of parole sooner, no other evidence was offered on whether appellant's relationship with her child was not a proper one. Other than the single admission by appellant that she used cocaine, no other evidence of any excuse for her acts or omissions was offered. And, appellant admitted she was wrong to use cocaine.

**E.     One or More Statutory Grounds for Termination as Evidence Illustrating that Termination is in the Child's Best Interest**

As noted above, the same evidence may be probative of both section 161.001(1) grounds and best interest, although such evidence does not relieve the State of its burden to prove best interest. *In re C.H.*, 89 S.W.3d at 28. Although we do not review the evidence in support of the trial court's section 161.001(1) grounds, we note appellant's parental rights were terminated on the following grounds: she constructively abandoned her child for not less than six months; she failed to comply with all of the requirements of her service plan; and she knowingly engaged in criminal conduct that resulted in her conviction and confinement for not less than two years from the date of the State's petition to terminate.

The record reveals no past criminal history other than her current criminal conviction for possession of a controlled substance and the alleged prostitution charge that was dismissed. Also, "although we acknowledge the trial court is the sole judge of a witness's credibility, we may not disregard evidence that does not support the trial court's best interest finding." *In re E.D.*, 419 S.W.3d 615, 619 (Tex. App.—San Antonio 2013, pet. denied). While incarcerated, appellant

finished her parenting class and domestic violence class, and attended NA classes monthly and underwent counseling. Appellant was in the "MATCH" program that would have allowed her visits with her son, and she is in a program called Supporting Books that allows her to read a story to her son on tape and then send him the tape recording. She has almost completed her GED, lacking only the math portion of the program. Gutierrez said some of the uncompleted services were available to appellant while she was incarcerated, but Gutierrez did not otherwise elaborate.

## CONCLUSION

After reviewing all the evidence in the record, we conclude the State did not meet its burden to establish by clear and convincing evidence that termination of appellant's parental rights is in the child's best interest. Therefore, we reverse that portion of the trial court's judgment terminating appellant's parental rights and render judgment denying the State's petition for termination of appellant's parental rights. We affirm that portion of the trial court's judgment terminating the child's father's parental rights. Because appellant's challenge to the Department's Family Code section 153.131 conservatorship was not subsumed within her appeal of the termination order and was not challenged on appeal, we also affirm the trial court's appointment of the Department as the managing conservator of the child pursuant to section 153.131.[5] *See In*

---

[5] When the Department is appointed as managing conservator solely as a consequence of the trial court's termination order, a parent's challenge to the Department's conservatorship appointment is automatically subsumed within the parent's appeal of the termination order, and a separate issue on appeal challenging the Department's conservatorship is not required. *See* TEX. FAM. CODE § 161.207(a) (West 2014) (requiring trial court to appoint managing conservator when it terminates parental rights); *In re D.N.C.*, 252 S.W.3d 317, 319 (Tex. 2008) (holding parent's challenge to Department's conservatorship appointment was subsumed in appeal of parental-rights termination order when Department was appointed conservator solely based on section 161.207 as a result of termination order). However, when, as here, a trial court's termination order appoints the Department as managing conservator pursuant to Family Code section 153.131, and the trial court has made the specific findings that section 153.131 requires—that appointment of the parent or parents as managing conservator(s) would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development—then a parent appealing the termination order must specifically challenge the trial court's section 153.131 findings and the appointment of the Department as conservator. *See* TEX. FAM. CODE § 153.131 (authorizing appointment of Department as nonparent managing conservator if the trial court makes certain findings); *In re J.A.J.*, 243 S.W.3d at 615-17 (holding parent must raise appellate issue specifically challenging trial court's section 153.131 findings or

*re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) (explaining procedure to be followed by a parent, the Department, and the trial court when a judgment terminating parental rights is reversed by the court of appeals but the Department's conservatorship pursuant to section 153.131 is affirmed).

Sandee Bryan Marion, Justice

---

challenging appointment of Department as conservator under section 153.131 because such a challenge is not subsumed within the parent's challenge to the termination order).