

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00368-CV

**IN THE INTEREST OF M.N.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-02675
Honorable Martha B. Tanner, Judge Presiding

**OPINION ON MOTION FOR REHEARING**

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:   November 25, 2015

REVERSED IN PART, AFFIRMED IN PART, REMANDED

On October 14, 2015, we issued an opinion and judgment in this appeal. On October 29, 2015, the State filed a motion for rehearing. Although we deny the motion for rehearing, we withdraw our opinion and judgment of October 14, 2015, and substitute this opinion and judgment in its stead and remand this matter to the trial court for further proceedings.

M.M.P.N.,[1] M.N.'s biological mother, and B.W.M., M.N.'s presumptive father, appeal the trial court's order terminating their parental rights to minor child, M.N. Although each parent filed a separate brief, both argue they were denied effective assistance of counsel during the termination hearing. We conclude the trial court erred in terminating both M.M.P.N.'s and B.W.M.'s parental

---

[1] For purposes of this opinion, and the protection of minor child M.N., we use initials to identify all parties.

rights. Accordingly, we reverse the trial court's judgment granting the Texas Department of Family and Protective Services' petition for termination of both M.M.P.N.'s and B.W.M.'s parental rights and remand this matter to the trial court for further proceedings consistent with this opinion. However, because neither parent challenged the Department's conservatorship under section 153.131 of the Texas Family Code, we affirm the trial court's appointment of the Department as the managing conservator of M.N.

FACTUAL AND PROCEDURAL BACKGROUND

**A.      The Department is Awarded Temporary Managing Conservator of M.N.**

On November 6, 2014, the Department received a referral alleging neglectful supervision of newborn M.N. M.M.P.N. tested positive for amphetamines, benzodiazepam, opiates, and methadone at the time of M.N.'s birth. M.N. also tested positive for methamphetamines, opiates, and methadone.

On November 13, 2014, the Department filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent Child Relationship. The trial court also appointed counsel to represent each parent and signed temporary orders awarding the Department temporary managing conservatorship of M.N. on November 24, 2014. M.M.P.N. and her counsel were present at the hearing, but M.M.P.N. did not sign the order. A status hearing and pretrial conference was held on January 14, 2015, and a permanency hearing was held on May 13, 2015.

The case was called for trial on June 12, 2015. Although neither parent, nor their respective counsel, was present for the hearing, the trial court proceeded to trial in their absence.

**B.      Termination of Parental Rights Hearing**

The Department called two witnesses to testify—the Department's caseworker and M.N.'s foster parent.

### 1.   *Anwar Morgan, the Department's Caseworker*

With respect to B.W.M., Anwar Morgan testified that B.W.M.'s name did not appear on the birth certificate; additionally no attorney general case establishing paternity had been filed. Morgan further testified that B.W.M. was granted weekly visitation, but never exercised his right to visit M.N.  Morgan relayed he attempted to reach B.W.M. on multiple occasions and finally made contact with him on May 1, 2015.  Morgan set a meeting with B.W.M. for May 4, 2015, to discuss M.N. and the Department's procedures and plans; B.W.M. failed to appear for the meeting.

Morgan spoke with B.W.M. for a second time a few days before the hearing.  They discussed the issue of B.W.M. establishing himself as the legal father of M.N.  Morgan averred that B.W.M. did not indicate a desire to submit to a DNA test.

With regard to M.M.P.N., Morgan testified as to her positive drug tests when M.N. was born.  He further relayed that M.N. exhibited signs of withdrawal following her birth.  Although a service plan was created for M.M.P.N., Morgan explained the Department was unable to provide M.M.P.N. a copy of such because she failed to return calls or text messages.  Like B.W.M., M.M.P.N. was granted weekly visitation with M.N., but never exercised the opportunity to visit M.N.

Morgan testified that M.N. was seven-months old and living with the foster parents with whom she was placed when she was born.  He opined the Department was requesting termination because neither parent was able to show any commitment to change any of the circumstances that led to M.N. coming into the Department's care.  Moreover, Morgan explained that neither B.W.M. nor M.M.P.N. ever exhibited any commitment to M.N.

### 2.   *J.D., M.N.'s Foster Mother*

The only other witness called before the trial court was J.D., M.N.'s foster mother.  J.D. confirmed M.N. was released from the hospital into her care.  She described several examples of

M.N.'s withdrawal symptoms, but relayed that most of the symptoms had subsided, with the exception of the stiffening of muscles. The symptoms, however, continued to decrease with the help of twice daily exercises. J.D. further reiterated that she was "100% committed to M.N. long-term."

## C.      Trial Court Findings

Following the short hearing, the trial court terminated both B.W.M. and M.M.P.N.'s parental rights. As to M.M.P.N., the trial court concluded M.M.P.N.:

(1)      engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, per Texas Family Code section 161.001(1)(E);

(2)      constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the child to the mother; (2) the mother has not regularly visited or maintained significant contact with the child; and (3) the mother has demonstrated an inability to provide the child with a safe environment, per Texas Family Code section 161.001(1)(N);

(3)      failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child, per Texas Family Code section 161.001(1)(O); and

(4)      been the cause of the child being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription, per Texas Family Code section 161.001(1)(R).

TEX. FAM. CODE ANN. § 161.001(1)(E), (N), (O), (R) (West 2014). As to B.W.M., the trial court concluded, "[B.W.M.] did not respond by timely filing an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under chapter 160 of the Texas Family Code before the final hearing in this suit." TEX. FAM. CODE ANN. § 161.002(b)(1)

(West 2014). Finally, the trial court determined termination of M.M.P.N.'s and B.W.M.'s parental rights was in M.N.'s best interests. *See* TEX. FAM. CODE ANN. § 161.001(2).

After the trial court announced the termination ruling, M.M.P.N.'s attorney appeared in the courtroom.

Trial Court: The Court's going to find that there is clear and convincing evidence, appoint the Department managing conservator, termination of the mother on "E," "N," "O" and "R" ground and the father on failure to legitimate.

Counsel: I was in another court, your Honor, but I have no issue with what the Court's decided to do. I understand my client has not participated at any level, at any time—

Trial Court: True.

Counsel: —and I have had zero contact with her throughout this case.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Both parents contend they did not receive effective assistance of counsel during the termination hearing. Although the Department agrees, we must still address this issue.

### A. Right to Counsel

In a suit filed by a governmental entity requesting termination of the parent-child relationship or the appointment of a conservator, an indigent person possesses a statutory right to counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003); *see* TEX. FAM. CODE ANN. § 107.013(a)(1) (West 2014). The Texas Supreme Court, relying on Texas Family Code § 107.013(a)(1), held "there is a statutory right to counsel for indigent persons in parental-rights termination cases." *In re M.S.*, 115 S.W.3d at 544. This right "necessarily includes the right to effective assistance of counsel." *Id.* (citing *In re K.L.*, 91 S.W.3d 1, 13 (Tex. App.—Fort Worth 2002, no pet.) ("[I]t would seem a useless gesture on the one hand to recognize the importance of counsel in termination proceedings, as evidenced by the statutory right to appointed counsel, and, on the other hand, not

require that counsel perform effectively.")); *accord In re J.M.O.*, 459 S.W.3d 90, 93 (Tex. App.—San Antonio 2014, no pet.).

The appropriate standard used to determine whether counsel is effective is the same as the standard enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See In re M.S.*, 115 S.W.3d at 544–45. An appellant must show (1) that appointed counsel's performance was deficient and (2) that the deficient performance prejudiced his case. *In re J.M.O.*, 459 S.W.3d 90, 93 (Tex. App.—San Antonio 2014, no pet.) (applying *Strickland* standard); *accord In re M.S.*, 115 S.W.3d at 545. "This requires showing that counsel's errors were so serious as to deprive the [parent] of a fair trial, a trial whose result is reliable." *In re J.M.O.*, 459 S.W.3d at 93 (quoting *Strickland*, 466 U.S. at 687). We must consider all of the circumstances surrounding the case and focus our review on whether counsel performed in a reasonably effective manner. *In re M.S.*, 115 S.W.3d at 545.

This court previously held that, in a parental termination, a parent was denied effective assistance of counsel when his appointed counsel failed to appear at trial. *See In re J.M.O.*, 459 S.W.3d at 94. We concluded that under the first prong of the *Strickland* standard, there can be no plausible strategic reason for trial counsel to fail to appear at trial, a critical stage of litigation. *See id.* Additionally, under the second *Strickland* prong, there need not be a specific showing of prejudice because when appointed counsel wholly fails to appear at trial, the adversary process itself is presumptively unreliable. *See id.*

The Austin Court of Appeals addressed a similar situation in *Lockwood v. Texas Department of Family and Protective Services*, 03-12-00062-CV, 2012 WL 2383781, at *6 (Tex. App.—Austin June 26, 2012, no pet.). In *Lockwood*, neither the mother nor her attorney appeared for trial. The court concluded no plausible strategic reason existed for a trial counsel's failure to appear at a critical stage of litigation, specifically a parental termination case. *Id.* Accordingly,

the court concluded the adversarial process employed "was so unreliable that a presumption of prejudice is warranted." *Id.*

We see no difference in this case—the trial court proceeded to trial without either parent's or their counsel's presence. We thus conclude both B.W.M. and M.M.P.N. were denied effective assistance of counsel. *See In re J.M.O.*, 459 S.W.3d at 93; *Lockwood*, 2012 WL 2383781, at *6. We, therefore, reverse that portion of the trial court's judgment terminating B.W.M.'s and M.M.P.N.'s parental rights and remand this matter to the trial court for further proceedings consistent with this opinion.

Because neither parent's appeal challenged the Department's Family Code section 153.131 conservatorship within their appeal of the termination order, we affirm the trial court's appointment of the Department as the managing conservator of M.N. pursuant to section 153.131. TEX. FAM. CODE ANN. § 153.131 (West 2014); *see In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) (explaining procedure to be followed by a parent, the Department, and the trial court when a judgment terminating parental rights is reversed by the court of appeals but the Department's conservatorship pursuant to section 153.131 is affirmed); *see also In re R.S.D.*, 446 S.W.3d 816, 822–23 n.5 (Tex. App.—San Antonio 2014, no pet.).

Patricia O. Alvarez, Justice