**Opinion filed May 3, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00305-CV

_____

## IN THE INTEREST OF J.B. AND J.S., CHILDREN

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10101-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother of J.B. and J.S. *See* TEX. FAM. CODE ANN. § 161.001 (West 2022). Appellant filed a notice of appeal. In three issues, Appellant challenges the sufficiency of the evidence and the discretion of the trial court to take judicial notice of prior testimony in a different case. We affirm in part and reverse and remand in part.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. FAM. § 161.001(b). To terminate one's parental rights under Section 161.001, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.* In this case, the trial court found that the mother had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (D) and (E). The trial court also found that termination of the mother's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2).

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the factfinder—in this case the trial court—is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not

limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence Presented at Trial*

The sparse record on appeal is concerning, and the evidence presented on appeal requires careful review. The witnesses' testimony comprises only twenty-two pages in the reporter's record, and only two witnesses testified at the termination hearing: a 2INgage supervisor and the father of the children.[1]

According to the supervisor, both children had previously been in the care of their aunt for two years but had been placed on a monitored return with the father approximately five months prior to trial. The Department of Family and Protective Services (the Department) became involved in the custody and care of J.B. and J.S. after Appellant took the children from the father's home and refused to bring them

---

[1]The father filed an acknowledgment of paternity as to J.B. and was adjudicated the father of J.S. following a DNA test.

back.[2]   At the hearing, the supervisor testified that there were concerns that Appellant made poor parenting choices and that she would allow family members to have access to the children when it was not appropriate to do so.  The supervisor expressed concerns that Appellant's dating relationships also put the children at risk.  However, the supervisor acknowledged that she did not know whether Appellant continued to be in a dating relationship with the person that caused the Department concern.  Appellant had successfully completed parenting classes and a psychological evaluation, but the supervisor nonetheless had concerns because Appellant had not completed the required counseling sessions and had refused to acknowledge she had a substance abuse problem—or to seek treatment for drug addiction.  And finally, the supervisor testified that Appellant had been unable to maintain safe and stable housing, as required by her service plan.

The father testified that Appellant was consistent in visiting the children and that they were bonded and got along well.  The father told the trial court that he had no objection to Appellant continuing to have supervised visitation with the children, but that he did not want her to retain custodial rights for fear that the mother would take the children and refuse to return them, as she had done in the past.

The Department offered two exhibits: an October 2021 drug test, in which Appellant tested positive for cocaine, and the father's acknowledgement of paternity for J.B.  The Department also asked the trial court to take judicial notice of the testimony in a different case.  The appellate record contains no context regarding the other case or its relevance to the matter before the court.  And although the trial court

---

[2]We note that in a question posed by the father's attorney regarding the Department's involvement and Appellant's taking the children from their father, the attorney asked, "[A]nd throughout that is when they tested positive, correct?"  Neither the question nor the answer indicates who "they" are or what "they" tested positive for.

initially questioned whether it was appropriate to take judicial notice of the testimony in the other case, it appears that—hearing no objections—the trial court did "consider all of that testimony as if it occurred in [the present] cause number." No reporter's record or transcript of the testimony from the other case was offered into evidence as an exhibit in this case or otherwise made a part of the reporter's record in this case.

The trial court determined that there was clear and convincing evidence that Appellant's parental rights should be terminated under subsections (D) and (E) and that the termination was in the best interest of the children. Appellant's parental rights to J.B. and J.S. were terminated, and the father was named sole managing conservator for both children.

On appeal, Appellant challenges the trial court's rulings in three issues: first, that the trial court abused its discretion in considering evidence not properly before the court; second, that the evidence was insufficient as to the findings under subsections (D) and (E); and third, that the evidence was insufficient to support the trial court's finding as to the best interest of the children.

*Analysis*

As we stated above, the termination of one's parental rights must be supported by clear and convincing evidence. FAM. § 161.001(b). We carefully scrutinize termination proceedings, and we strictly construe involuntary termination statutes in the parent's favor. *In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012).

> *A. To the extent that the trial court terminated Appellant's rights based upon testimony from another case, which was not offered into evidence in this case, the trial court abused its discretion.*

In Appellant's first issue on appeal, she claims that the trial court abused its discretion when it terminated her parental rights based on evidence that was not

5

properly before the trial court. The record shows that the trial court was asked by the Department to take "judicial notice of the testimony" from another case. Appellant's counsel indicated that he had no objection. After the Department rested, the trial court clarified:

> What I think y'all mean when you ask me to take judicial notice of the prior testimony, the parties are basically stipulating that I can consider all of that testimony as if it occurred in this cause number . . . .

Counsel for the parties indicated that the trial court's statement accurately reflected their intent.

The Texas Rules of Evidence permit a trial court to take judicial notice of a fact that is not subject to reasonable dispute. *See* TEX. R. EVID. 201. A trial court may take judicial notice of a document that has been filed in the case, but it may not take judicial notice of the *truth* of allegations in the pleadings, affidavits, or other documents in the file. *In re Shifflet*, 462 S.W.3d 528, 539 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). Just as the trial court may not consider the truth of information contained in documents filed in the clerk's record, it is not permitted to take judicial notice of testimony presented in a prior proceeding, despite the consensus of the parties at the time. "It is inappropriate for a trial judge to take judicial notice of testimony even in a retrial of the same case." *C. G. v. Tex. Dep't of Family & Protective Servs.*, No. 03-22-00019-CV, 2022 WL 2069128, at *3 (Tex. App.—Austin June 9, 2022, pet. denied) (mem. op.) (quoting *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.)); *accord Camp Mystic, Inc. v. Eastland*, 399 S.W.3d 266, 278 (Tex. App.—San Antonio 2012, no pet.) (holding that a trial court cannot take judicial notice of testimony from a previous proceeding at a subsequent proceeding unless the testimony is admitted into evidence at the subsequent proceeding).

The Department asserts that Appellant failed to preserve this issue for review. We agree, in part. Generally, as with other issues involving the admission or exclusion of evidence, a trial court's error in taking judicial notice must be preserved in the court below. *C. G.*, 2022 WL 2069128, at *4 (collecting cases); *see* TEX. R. APP. P. 33.1(a). Because Appellant did not object at trial, she did not preserve her issue with respect to the trial court's ruling. *See* TEX. R. APP. P. 33.1(a)(1)(A).

However, although the parties seemed to stipulate that the trial court could consider the testimony from the other trial, no such testimony was ever offered or admitted into evidence at the trial from which this appeal was brought. "[I]n order for testimony at a prior hearing or trial to be considered at a subsequent proceeding, the transcript of that testimony must be properly authenticated and entered into evidence." *Camp Mystic*, 399 S.W.3d at 278 (citing *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 540 (Tex. App.—San Antonio 2004, pet. denied); *Escamilla v. Estate of Escamilla*, 921 S.W.2d 723, 726 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied); *see also Davis v. State*, 293 S.W.3d 794, 797–98 (Tex. App.—Waco 2009, no pet.); *Thomason v. Parker*, No. 09-00-154 CV, 2001 WL 523962, at *2 (Tex. App.—Beaumont May 17, 2001, no pet.) (not designated for publication) (collecting cases); *May v. May*, 829 S.W.2d 373, 376 (Tex. App.—Corpus Christi–Edinburg 1992, writ denied).

As no records from the prior trial were offered or admitted into evidence, the consideration of the testimony "as if it occurred in this cause number" was an abuse of discretion by the trial court. The trial court was not permitted to rely on the prior testimony merely on the stipulation of the parties; the prior testimony needed to have been offered and admitted as evidence in this case. *See Camp Mystic*, 399 S.W.3d at 278. We sustain Appellant's first issue to the extent that it relates to the

termination of her rights based upon evidence that was not admitted at the trial in this case.

Furthermore, during a sufficiency review on appeal, we are not permitted to consider factual statements or allegations that were not admitted during a final hearing. *In re F.M.E.A.F.*, 572 S.W.3d 716, 723 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (citing *In re K.F.*, 402 S.W.3d 497, 505 (Tex. App.—Houston [14th Dist.] 2013, pet. denied)); *see also In re A.R.*, No.11-22-00163-CV, 2022 WL 14997928, at *2 n.2 (Tex. App.—Eastland Oct. 27, 2022, no pet.) (mem. op.); *In re R.S.D.*, 446 S.W.3d 816, 820 n.4 (Tex. App.—San Antonio 2014, no pet.). In this opinion, we therefore review only the evidence and testimony presented during the final hearing and contained in the reporter's record that is before us in this cause.

*B. The evidence is legally sufficient to support the finding under (E).*

In Appellant's second issue on appeal, she challenges the findings made by the trial court under Section 161.001(b)(1)(D) and (E). Because of our holding with respect to Appellant's third issue, we need address only the legal sufficiency challenge to the trial court's findings under Section 161.001(b)(1), which could potentially result in a rendition rather than a remand. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *see also* TEX. R. APP. P. 47.1.

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228

8

(Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). With respect to the sufficiency of the evidence to support a finding under subsection (E), "endangering conduct is not limited to actions directed towards the child." *Id.* (citing *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987)). The endangering conduct may include the parent's actions before the child's birth and may relate to the parent's actions while the parent had custody of other children. *Id.*; *In re S.T.*, No. 11-19-00363-CV, 2020 WL 2610393, at *3–4 (Tex. App.—Eastland May 18, 2020, pet. denied) (mem. op.) (upholding finding under subsection (E) based upon parent's conduct with other children). Drug use by a parent may constitute evidence of endangerment. *J.O.A.*, 283 S.W.3d at 345. Domestic violence may also constitute evidence of endangerment. *C.J.O.*, 325 S.W.3d at 265.

The evidence presented at trial is legally sufficient to support the finding under subsection (E). The record shows that Appellant was unable to maintain safe and stable housing for the children and that she refused to acknowledge her struggle with substance abuse—or to seek any form of treatment. The record also shows that Appellant was involved in unsafe dating relationships and that she had previously taken the children away from the father and refused to return them. Viewing all of the evidence presented at trial in the light most favorable to the trial court's finding under subsection (E), we hold that a rational trier of fact could have formed a firm belief or conviction that its finding was true. *See In re J.P.B.*, 180 S.W.3d at 573. Because only one statutory ground is necessary to support termination and because we have upheld the legal sufficiency of the evidence to support the finding under subsection (E), we need not address Appellant's issue insofar as it relates to

9

subsection (D). *See* FAM. § 161.001(b)(1); *In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019); *see also* TEX. R. APP. P. 47.1. Accordingly, we overrule Appellant's second issue to the extent that it relates to the legal sufficiency of the evidence to support a finding under Section 161.001(b)(1)(E).

*C. The evidence is legally sufficient but factually insufficient as to best interest.*

In Appellant's third issue, she challenges the sufficiency of the evidence to support the trial court's finding that termination of her parental rights would be in the best interest of J.B. and J.S. *See* FAM. § 161.001(b)(2). There is a "strong presumption" in Texas that the best interest of a child is served by keeping the child with the parent. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). Giving due regard to that presumption, the evidence presented at the trial in this case, and the *Holley* factors, we hold, as explained below, that the evidence is legally sufficient, but factually insufficient, to support the trial court's finding that termination of Appellant's parental rights would be in the best interest of J.B. and J.S. *See Holley*, 544 S.W.2d at 371–72.

With respect to J.B.'s and J.S.'s best interest, the evidence—though sparse— shows that, at the time of trial, Appellant had not been able to maintain safe and stable housing and that she had not begun any treatment for substance abuse. Furthermore, Appellant's prior "dating relationships" were a "concern" of risk to the children, and she had taken the children from their father and refused to return them. Viewing the evidence in the light most favorable to the trial court's best interest finding, and considering the record as it relates to the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of Appellant, Appellant's lack of a stable home, and the indication that Appellant would continue to need

supervision with the children, we hold that a rational trier of fact could have formed a firm belief or conviction that its finding was true. *See id.*; *see also J.P.B.*, 180 S.W.3d at 573. Thus, the evidence is legally sufficient. Accordingly, we overrule Appellant's third issue to the extent that it relates to the legal sufficiency of the evidence.

However, based upon our review of the entire record, *without* viewing the evidence in the light most favorable to the trial court's best interest finding but still giving due deference to that finding, we hold that the trial court could not reasonably have formed a firm belief or conviction that termination of the parent–child relationship between Appellant and J.B. and J.S. was in the children's best interest. *See Holley*, 544 S.W.2d at 371–72; *see also C.H.*, 89 S.W.3d at 25–26. Both witnesses testified that Appellant and J.B. and J.S. were bonded and had a loving relationship, and both witnesses indicated that, if Appellant's parental rights were terminated, the father would still like for her to be part of the children's lives and would allow supervised visitation. There was no indication of what the desires of J.B. and J.S. were, nor was there any indication that the visits between Appellant and the children were not going well and would not continue to do so. Further, the only positive drug test in the record before us was conducted one year prior to trial. The existence of a single drug test does not reasonably show that Appellant is still testing positive for drugs, nor that she will continue to do so. Appellant completed her required parenting classes and had begun to see a new counselor, presumably to fulfill the required counseling sessions that she had not yet completed.

Appellant did not request to be appointed managing conservator of J.B. and J.S. Instead, she requested to be appointed as a possessory conservator with visitation rights to continue to have a relationship with the children. While, if true,

11

Appellant's continued drug use would be a concern in considering the best interest of the children, without further evidence supporting a continued problem and with the father and the Department indicating that visitation should continue, the trial court had the option under the Family Code to severely restrict Appellant's possessory rights, without terminating them, in order to protect J.B.'s and J.S.'s best interest. *See In re J.J.R.S.*, 627 S.W.3d 211, 223 (Tex. 2021) (stating that the Family Code "does not require termination when a severe restriction or limitation on access can also be in the best interest of the child while preserving the possibility that the parent and child may continue to have a relationship in the future"). The record shows that the father was willing to continue to allow Appellant supervised visitation with the children and that his only concern was being able to pursue criminal charges *if* she took them again in the future. Based on our review of the record, while there may be inferences that can lead us to termination as the best interest, the evidence itself—as admitted—is factually insufficient to support the trial court's finding that termination of Appellant's parental rights is in the best interest of J.B. and J.S. *See Holley*, 544 S.W.2d at 371–72.

We cannot hold in this case that the trial court's finding as to best interest is supported by factually sufficient evidence under the clear and convincing evidentiary standard. Accordingly, we sustain Appellant's third issue on appeal insofar as she challenges the factual sufficiency of the evidence to support the trial court's finding that it would be in J.B.'s and J.S.'s best interest to terminate Appellant's parental rights.

*D. Other Matters Not Dispositive of Appeal*

Because we have held that the evidence in this case is factually insufficient to support the finding made by the trial court pursuant to Section 161.001(b)(2), we

need not address the factual sufficiency of the evidence with respect to the trial court's findings under Section 161.001(b)(1). *See* TEX. R. APP. P. 47.1. Further, we note that Appellant does not challenge the trial court's appointment of the father as the permanent managing conservator for both J.B. and J.S. Accordingly, this court's opinion and judgment are not to be read to alter the trial court's appointment of the father as the managing conservator of J.B. and J.S. *See In re J.A.J.*, 243 S.W.3d 611, 615–17 (Tex. 2007) (holding that a parent's appellate challenge to parental termination did not encompass a challenge to the appointment of managing conservator).

*This Court's Ruling*

We reverse the trial court's termination order insofar as it terminated the parental rights of the mother to the children involved in this case, and we affirm the order of the trial court in all other respects. We remand this cause to the trial court for further proceedings. Any proceeding on remand must be commenced within 180 days of this court's mandate. TEX. R. APP. P. 28.4(c).


W. BRUCE WILLIAMS
JUSTICE


May 3, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.