**Mildred Marie NEELY, Appellant,**

v.

**Johnny Lee NEELY, Appellee.**

No. 14258.

Court of Appeals of Texas,
Austin.

Oct. 23, 1985.

John F. Campbell, Austin, for appellant.

Dorothy Giberson Croom, Robert Giberson, Austin, for appellee.

Before POWERS, EARL W. SMITH and BRADY, JJ.

PER CURIAM.

Appellant, Mildred Marie Neely, appeals from a judgment of divorce appointing appellee, Johnny Lee Neely, managing conservator of the two children, Larry Wade Morton and Bradley Wayne Neely. The court appointed appellant possessory conservator of the two children. Appellant complains only of the court's appointment of appellee as managing conservator of Larry and does not dispute the judgment in regard to Bradley. We will reverse the trial court's judgment and remand the cause.

Appellant was not married to Larry's father at the time of Larry's birth in 1979. The father has neither shown any interest in nor attempted to contact Larry. At the time of the Neelys' marriage in 1979, Larry was five months old. The younger child, Bradley, was born to the Neelys in August 1982. Appellant filed suit for divorce in March 1983 and requested that she be appointed managing conservator of Bradley.

Because Larry is not a child of the marriage, the suit for divorce did not have to include, as to him, a suit affecting the parent-child relationship. Tex.Fam.Code Ann. § 3.55(b) (1975). Appellee, however, counterclaimed and requested that he be named managing conservator of Bradley *and* of Larry as a person who had possession and control of him for six months. Tex.Fam.Code Ann. § 11.03 (Supp.1985). After hearing, the trial court determined that it was in the children's best interest to appoint appellee managing conservator and appellant possessory conservator of the two children. The court also appointed appellee's parents possessory conservators to have possession in conjunction with appellee.

In her first point of error, appellant argues that the trial court erred in its conclusion that "the presumption in favor of the natural parent can be neutralized merely by showing that appointment of a third party as managing conservator is in the best interest of the child." Appellant correctly states that a third party has the burden to show by a preponderance of the evidence that appointing the parent managing conservator is not in the child's best interest. She continues, however, that appellee's burden was greater because he is neither biologically nor legally related to Larry. The court, she argues, allowed appellee to "neutralize" the presumption with only slight evidence that he could better serve Larry's best interests and did not address the question of parental preference.

Texas Fam.Code Ann. § 14.01(a) (1975) authorizes a trial judge to "appoint a managing conservator, who must be a suitable, competent adult, or a parent, or an authorized agency" in any suit affecting the parent-child relationship. The language is consistent with the family code policy that requires the judge to look to a child's best interest in appointing a managing conservator. Consistent with this policy, Tex.Fam.Code Ann. § 14.01(b) (1975) requires the court to appoint a parent "unless the court finds that appointment of the parent would not be in the best interest of the child." The non-parent's burden is to prove by a preponderance of the evidence that appointing the parent managing conservator is not in the child's best interest and that the child's best interest would be served by naming the non-parent. *Cooper v. Texas Dept. of Human Resources*, 691 S.W.2d 807 (Tex.App.1985, writ ref'd n.r.e.). Consequently, appellee need not show that appellant was unfit but must show that he would be a superior custodian of the child and that the child's best interests would be better served. *Wimpey v. Wimpey*, 662 S.W.2d 680, 682 (Tex.App.1983, no writ); *Choyce v. Dallas Cty. Child Welfare Unit*, 642 S.W.2d 559 (Tex.App.1982, no writ).

The natural right between parents and their children is one of constitutional dimensions and should be disturbed only for the most compelling and serious of reasons. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); *Holick v. Smith*, 685 S.W.2d 18 (Tex.1985); *In Interest of G.M.*, 596 S.W.2d 846 (Tex.1980); *Wiley v. Spratlin*, 543 S.W.2d 349 (Tex.1976). The courts have always recognized the strong presumption that a child's best interest is usually served by keeping custody with the natural parents. *Wiley, supra; Herrera v. Herrera*, 409 S.W.2d 395 (Tex.1966); *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965); *Mumma v. Aguirre*, 364 S.W.2d 220 (Tex. 1963). Texas Fam.Code Ann. § 14.01(b) (1975), accordingly, requires that the trial court, in a suit affecting the parent-child relationship, appoint a parent as managing conservator unless such appointment is *not* in the child's best interest. The party seeking to avoid the presumption's effects must first produce evidence to overcome it. *McGuire v. Brown*, 580 S.W.2d 425, 431 (Tex.Civ.App.1979, writ ref'd n.r.e.). In our view, the production of evidence relating only to the positive benefits of appointing the non-parent will not rebut the presumption. *See Guillott v. Gentle*, 467

**760**

S.W.2d 521 (Tex.Civ.App.1971, writ ref'd n.r.e.); *Mecke v. Grubbs,* 278 S.W.2d 404, 406 (Tex.Civ.App.1954, writ ref'd n.r.e.).

We conclude that the non-parent must produce evidence affirmatively showing a detrimental effect upon the child if placed with the parent to overcome the presumption. *Yancey v. Koonce,* 645 S.W.2d 861 (Tex.App.1983, writ ref'd n.r.e.), (parents left child with grandparents); In *Interest of Barrera,* 531 S.W.2d 908 (Tex. Civ.App.1975, no writ), (father allowed children to live with grandparents for four years after mother's death); *Smitheal v. Smitheal,* 518 S.W.2d 842 (Tex.Civ.App. 1975, writ dism'd), cert. denied, 423 U.S. 928, 96 S.Ct. 277, 46 L.Ed.2d 256 (1975), (voluntary surrender of custody); *De la Hoya v. Saldivar,* 513 S.W.2d 259 (Tex.Civ. App.1974, no writ), (father allowed aunt to care for children for six years after mother's death).

Consequently, we will review all the evidence to determine whether the findings that appellee rebutted the presumption and that appellee's appointment as managing conservator is in Larry's best interest are against the great weight and preponderance of the evidence. The evidence shows that each of the Neelys participated to some degree in caring for the children and the house. Larry's grandparents, appellee's parents, provided care for the children while the Neelys were at work. All parties agree that if appellant were named managing conservator, Larry's good relationship with his grandparents would continue and that they would care for him when necessary. The evidence also shows that either party is able to support Larry financially. The social worker, who conducted a home study, stated that her primary emphasis was on Bradley but that she was able to make statements about Larry. She testified favorably as to the relationship between Larry and his mother but reached no conclusions. Appellee's mother testified that during the marriage the condition of the house "got pretty bad," that appellee took "the main load of taking care of the family," and that appellant did more for

Bradley than she did for Larry. To a great degree, appellee supported his mother's testimony. The social worker noted, however, that such complaints are symptomatic of a relationship that is not going well. Although appellant had not established a permanent residence at the time of the hearing, she was preparing to move from her aunt's house into a home of her own. Based on the above evidence, we conclude that there is insufficient evidence to rebut the presumption that the parent should be appointed managing conservator and to support the finding that appellee's appointment as managing conservator is in Larry's best interest. Because we sustain appellant's first and second points of error, we need not discuss point three.

We reverse the decision of the trial court appointing appellee managing conservator and appellant possessory conservator of Larry Wade Morton and remand the cause to the district court for further proceedings.

Reversed and Remanded.