Robert A. MAY, Jr., Appellant,

v.

Susan Ann MAY, et al., Appellees.

No. 13–91–266–CV.

Court of Appeals of Texas, Corpus Christi.

April 16, 1992.

W.A. Orr, Jr., Jill Cornelius, Bay City, for appellant.

Steven E. Reis, Charles Martinez, III, Bay City, for appellees.

Before DORSEY, KENNEDY, and GILBERTO HINOJOSA, JJ.

## OPINION ON MOTION FOR REHEARING

DORSEY, Judge.

Upon consideration of the motion for rehearing filed in this case, we overrule the motion, withdraw our original opinion rendered January 30, 1992, and substitute the following opinion.

This is a divorce and child custody case in which custody of two minor children, Brandie Starr Hurrell and Krystale Gen May, was awarded to their maternal grandfather, William H. Hurrell, Jr., over the objection of appellant Robert A. May, Jr., their natural father. From the trial court's

order granting divorce and awarding custody to Hurrell, appellant brings one point of error complaining that the trial court erred in failing to appoint appellant as managing conservator of his children. We affirm.[1]

The Texas Family Code provides generally that a parent shall be appointed as managing conservator unless the court finds that appointment of the parent would not be in the best interest of the children because it would significantly impair their physical health or emotional development. Tex.Fam.Code Ann. § 14.01(b)(1) (Vernon Supp.1991). By his sole point of error, Robert complains that the evidence was insufficient to show that his appointment as managing conservator would significantly impair his children's physical health or emotional development. We will treat the point as challenging both the legal and the factual sufficiency of the evidence.

In considering a "no evidence," "insufficient evidence" or "against the great weight and preponderance of the evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

Testimony at the November 13, 1990, divorce and custody hearing revealed that Susan Ann May and Robert May, Jr. began living together as husband and wife sometime in the early 1980s. Two children were born during their common-law marriage. Brandie Starr Hurrell was born in February 1984, and Krystale Gen May was born in July 1987. The parties acknowledged that Robert is the father of both children.

Susan and Robert separated in July 1988 after they were both arrested and convicted of drug-related offenses occurring in their home. Susan testified that both she and Robert were involved with using and selling illegal drugs out of their home while the children were present in 1988, and that she was convicted of the felony offense of delivery of marihuana, while Robert was convicted of the misdemeanor offense of possession. Susan further testified that Robert smoked marihuana, and that she does not think that the children would be safe or properly cared for if Robert had custody. Robert admitted that he has a 1988 conviction for possession of marihuana, but contends that the marihuana belonged to Susan and was merely in the house at the time. Robert also admitted that he used marihuana two years ago, but he claims that he has been clean and straight for the last two years.

Susan testified that both children have resided for the past year and a half with Susan's father in New York. Betty Kelone, Susan's mother and the children's maternal grandmother, who lives in Marksville, Louisiana, testified that she was appointed temporary managing conservator of the children on April 3, 1990, under temporary orders entered in the present suit. However, the children stayed with Kelone in Louisiana for only three months, during which Robert never visited them. Due to illness, Kelone then sent the children back to New York with a power of attorney authorizing William Hurrell, her ex-husband and the children's maternal grandfather, to enroll them in school and consent to any needed medical treatment.

William Hurrell testified that he has lived with the children for nearly two years and wants to retain custody. Hurrell, a stone cutter presently out of work due to disability, has lived for the past four years in a five-bedroom, two-story house, along with a woman who has three other children, ages twelve, thirteen and eighteen. Hurrell further testified that Robert May

---

**1.** At the November 1990 divorce and custody hearing the parents, Susan and Robert May, both agreed that their common-law marriage had become insupportable and asked for divorce, the judgment for which is not attacked on appeal. Susan did not seek custody of her children.

did not pay support for his children during the time they lived with Hurrell.

Robert May, Jr. testified that he called the children when they were in Louisiana with Kelone and at least once a month while they were in New York with Hurrell, but that he could not afford to visit the children in New York. Robert visited the children for only one week this year during the summer, and admitted that he has provided no support because he has been looking for a permanent job. Robert stated that he has held approximately five jobs in the past two years, but that he presently has worked for the past two weeks for a construction company for forty hours a week at $10.00 an hour. However, due to the nature of construction work, he is employed on a particular job only until it is finished, and then he must look for work on another job. Robert further testified that he has lived in a two-bedroom, two-bath apartment near playgrounds for the past two months, and that he made arrangements with a neighbor for the children to be taken care of while he is at work, if he were awarded custody.

■ After hearing the evidence, the trial court entered a final decree of divorce appointing Hurrell the sole managing conservator of the two children, and Susan and Robert as possessory conservators. The trial judge indicated that in making his decision about custody he was considering evidence admitted at a prior hearing on temporary conservatorship, as well as the evidence presented at the present divorce and custody hearing. We do not have a record before us of the prior hearing. However, we initially determine that any consideration by the trial court, or by this Court, of evidence presented at the prior hearing as grounds for determining custody following the present divorce and custody hearing would be improper.

■ Generally, a trial judge cannot consider testimony taken at a previous trial in a subsequent trial unless such testimony is admitted into evidence. *Traweek v. Larkin,* 708 S.W.2d 942, 946–47 (Tex.App.—Tyler 1986, writ ref'd n.r.e.); *Muller v. Leyendecker,* 697 S.W.2d 668, 675 (Tex.

App.—San Antonio 1985, writ ref'd n.r.e.). Specifically, the trial court may not judicially notice testimony taken at a prior hearing in the same case with respect to temporary orders. *See Continental Oil Co. v. P.P.G. Industries,* 504 S.W.2d 616, 622 (Tex.Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.); *see also Garza v. Exxon Corp.,* 604 S.W.2d 385 (Tex.Civ.App.—San Antonio 1980, no writ); *Hutcherson v. M & G Land Development Corp.,* 590 S.W.2d 520 (Tex. Civ.App.—San Antonio 1979, no writ).

Therefore, in the present case, the trial judge could not at the custody hearing take judicial notice of evidence formerly admitted at the hearing on temporary conservatorship. *Cf. Robinson v. Risinger,* 548 S.W.2d 762, 769 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.) (on rehearing). Neither will we take into consideration such evidence, or the lack of a record of such evidence, in determining whether there was sufficient evidence to support the trial court's judgment. We will review only the evidence admitted at the hearing on November 13, 1990, in determining if there is sufficient evidence to support the awarding of custody to the nonparent.

■ The presumption that the best interest of a child is served by awarding custody to a natural parent is deeply embedded in Texas law. *Lewelling v. Lewelling,* 796 S.W.2d 164, 166 (Tex.1990); *Mumma v. Aguirre,* 364 S.W.2d 220, 221 (Tex. 1963). Family Code section 14.01(b)(1) reinforces that presumption in favor of parental custody and imposes a heavy burden on a nonparent seeking custody. The nonparent must prove that appointment of the parent would *significantly impair* the child, either physically or emotionally. The statute requires evidence of specific actions or omissions of the parent that demonstrate an award of custody to the parent would result in significant physical or emotional harm to the child. *Lewelling,* 796 S.W.2d at 167; *In re W.G.W.,* 812 S.W.2d 409, 413 (Tex.App.—Houston [1st Dist.] 1991, no writ). In other words, the nonparent must usually present evidence affirmatively showing conduct of the parent which will have a detrimental effect upon the

child, such as physical abuse, severe neglect, abandonment, drug or alcoholic abuse or very immoral behavior on the part of the parent.[2] *See W.G.W.*, 812 S.W.2d at 417; *Neely v. Neely*, 698 S.W.2d 758, 760 (Tex.App.—Austin 1985, no writ); *Cooper v. Texas Department of Human Resources*, 691 S.W.2d 807, 811 (Tex.App.—Austin 1985, writ ref'd n.r.e.).

■ Thus, in order to deprive a parent of custody, the evidence must support a logical inference that some specific, identifiable behavior or conduct of the parent will probably cause significant physical or emotional harm to the child. This link between the parent's conduct and harm to the child, moreover, may not be based on evidence which raises a mere surmise or speculation of possible harm. *See Kindred v. Con/ Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983); *Briones v. Levine's Department Store, Inc.*, 446 S.W.2d 7, 10 (Tex.1969). In *Lewelling*, for instance, the Supreme Court discounted evidence of the mother's unemployment, crowded living conditions, past hospitalization for mental health problems, and passively allowing herself to have been physically abused by her ex-husband, as no evidence that awarding custody to the mother, as opposed to the paternal grandparents, would significantly impair the child's physical health or emotional development. *Lewelling*, 796 S.W.2d at 167.

■ In addition, the material time concerning fitness for child custody is the present. If the parent is presently a suitable person to have custody, the fact that there was a time in the past when the parent would not have been a proper person to have such custody is not controlling. Thus, evidence of past misconduct or neglect may not of itself be sufficient to show present unfitness. *Guillott v. Gentle*, 467 S.W.2d 521, 524 (Tex.Civ.App.—Eastland 1971, writ ref'd n.r.e.); *Cox v. Young*, 405 S.W.2d 430, 433 (Tex.Civ.App.—Eastland

1966, writ ref'd n.r.e.). However, this principle is qualified by the permissible inference that an adult person's future conduct may well be measured by his recent deliberate past conduct as it may be related to the same or a similar situation. *De Llano v. Moran*, 160 Tex. 490, 333 S.W.2d 359, 361 (1960). Indeed, under the present test enunciated in *Lewelling* and the Family Code, the requirement of specific harmful actions or omissions could hardly be shown without reference to the recent past behavior of the parent.

■ In the present case, the only evidence offered to show that Robert's custody of the children would significantly impair their physical or emotional health, was that he used and sold drugs two years ago in the home where his children resided with him and their mother. In reviewing an attack on the legal sufficiency of the evidence, or a "no evidence" point, we consider only the evidence and reasonable inferences that tend to support the jury findings, and disregard all evidence and inferences to the contrary. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex. 1990); *Responsive Terminal Sys., Inc. v. Boy Scouts of Am.*, 774 S.W.2d 666, 668 (Tex.1989). If there is more than a scintilla of evidence to support the trial court's finding, the court of appeals may not overturn the finding on a no evidence point of error. *Responsive Terminal Systems*, 774 S.W.2d at 668. We must therefore determine whether this evidence of Robert's past involvement with drugs in the family home is more than a scintilla of evidence on which to infer that his present custody of the children would probably cause significant physical or emotional harm to them.

We conclude that the trial court may logically infer that serious violations of the law by the parent, such as the use and sale of drugs, especially when committed in the same home in which the children reside,

2. For instance, the exchange in *Lewelling* between Justice Doggett's majority opinion and Justice Gonzalez' dissent suggests that, however much the two may have disagreed about the result in that case, they both considered evidence of a parent's failure to remove his child from an unstable environment, such as a "rat infested crack house with drug addict, partner swapping" inhabitants, to be an acceptable means of showing the "significant impairment" necessary to overcome the presumption in favor of parental custody. *See id.* at 167 n. 4 and at 171 n. 4.

would set an unacceptable standard for the children to follow and significantly impair their emotional development. In addition, we do not believe that the passage of two years since the last proven violation in the present case conclusively negates the inference that Robert's deliberate use and sale of drugs in the past is indicative of drug-related conduct which is likely to continue. There is some evidence to show that appointment of Robert as managing conservator would not be in the best interest of his children, because it would significantly impair their emotional development.

■ After viewing all the evidence presented at the hearing, we find that there was factually sufficient evidence to support the trial court's judgment. Rather than contradict his prior drug-related conduct, Robert admitted his past use of marihuana. Aside from his testimony that he had been "clean and straight for the last two years," there was no evidence that Robert had rehabilitated or that future drug use is unlikely. We may set aside the factfinder's determination on grounds of factual insufficiency only when the evidence supporting that determination is so weak as to be manifestly unjust and clearly wrong. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In the present case, the trial court's determination that Robert's appointment as managing conservator would significantly impair his children's emotional development is supported by sufficient evidence of Robert's drug-related conduct and is not manifestly unjust or clearly wrong.

Appellant's point of error is overruled. The judgment of the trial court is AFFIRMED.