

NUMBER 13-11-00080-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF L.V., J.M., A.M., MINOR CHILDREN

**On appeal from County Court at Law No. 5
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Vela**

This is an appeal from a judgment terminating appellant's parental rights to two children, A.M. and J.M., under sections 161.001(1)(D), (E), (O), (P) and (R) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(1) (D), (E), (O), (P), and (R) (West Supp. 2010). The trial court also found that termination is in the children's best interest. *See* § 161.001(2). The case was tried jointly with appellant's boyfriend, the father of A.M. and J.M., whose rights to the two children were also terminated.

By one issue, appellant urges that the evidence was legally and factually insufficient to support the trial court's finding that termination of the parent-child relationship between appellant and two of her children was in the children's best interest. We affirm.

## I. BACKGROUND

Appellant has five biological children; two of them, A.M. and J.M., are the children who are the subjects of this appeal. On March 7, 2008, L.V., appellant's oldest child, J.M., and A.M. were brought into the care of the Department of Family and Protective Services (the "Department") after A.M. tested positive for cocaine at birth. Appellant also testified positive for cocaine on the same date.

The children were later returned to the home, but were removed from the home again in April of 2009, based upon allegations that appellant had physically abused A.M. by breaking the child's arm while removing her from a child safety seat and by slapping the child. The trial court found that appellant was the cause of physical injury to A.M. by causing a slap-mark bruise on her cheek, scarring the soft tissue of A.M.'s mouth, and by fracturing her arm.

Dr. Nancy Harper testified that x-rays revealed that A.M's right humerus was fractured as well as her left radius. She described the injury as a "classical metaphyseal fracture." Dr. Harper stated that this type of fracture is a very specific type of injury in children who are victims of non-accidental trauma. She testified that A.M. will not likely regain full motion in her elbow. Dr. Harper also indicated that A.M. had a slap mark on her face and her opinion was that A.M. had been slapped by an adult. Dr. Harper

2

believed that if A.M. was returned to the home, the child would be at grave risk.

Appellant testified that she used cocaine within a month before A.M. was born. She admitted that she began using cocaine at age sixteen. Appellant tested positive for cocaine in September and December of 2005 as well as in January, February, and March of 2006. J.M., appellant's son, was born October 12, 2006. Appellant admitted that the children who are the subject of this appeal had been exposed to cocaine in utero. She also admitted that she knew cocaine use was harmful to A.M., who weighed only three pounds and twelve ounces at birth. Appellant was ordered to attend drug counseling, but she relapsed in December of 2008 and in March of 2009.

A family service plan was put in place for appellant, which required her to pay child support, submit to psychological evaluation and testing, participate in counseling, and submit to random drug testing. Appellant admitted at trial that she did not meet some of the service plan requirements.

Angela Craig, a parenting coach and the guardian ad litem who was assigned to assist appellant, testified that since the children have been in foster care they have flourished. Craig testified that appellant did not take advantage of some of the programs offered even though appellant took advantage of drug counseling and parenting classes, they were not "enough for her to be successful either in parenting or in not relapsing." According to Craig, appellant did not demonstrate the skills to keep the children safe. Craig opined that the parents had their opportunity to be parents and have not demonstrated that they are able to do it. She concluded that it was in the children's best interest to have the parents' rights terminated. She believed that the best plan is for the

children to be adopted.

## II. STANDARD OF REVIEW

Involuntary termination of parental rights involves fundamental constitutional rights and divests the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit from the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *see In re D.S.P.*, 210 S.W.3d 776, 778 (Tex. App.–Corpus Christi 2006, no pet.). "Consequently, termination proceedings must be strictly scrutinized, and 'involuntary termination statutes are strictly construed in favor of the parent.'" *In re D.S.P.*, 210 S.W.3d at 778 (quoting *Holick*, 685 S.W.2d at 20).

Due process requires that termination be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.–El Paso 2007, no pet.) (citing *In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002)); *see* TEX. FAM. CODE ANN. § 161.001. This intermediate standard falls between the preponderance of the evidence standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *In re E.M.E.*, 234 S.W.3d at 73. It is defined as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008).

In reviewing the legal sufficiency of the evidence supporting parental termination, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have "formed a firm belief or conviction about the truth of the matter on which the movant in a termination proceeding bore the burden of proof." *In re D.S.P.*, 210 S.W.3d at 778 (citing *In re J.F.C.*, 96 S.W.3d at 266). We must

4

assume that the fact finder resolved disputed facts in favor of its finding, if it was reasonable to do so, and must disregard all evidence that a reasonable fact finder could have disbelieved or found to be incredible. *Id.*; *see In re E.M.E.*, 234 S.W.3d at 73. "This does not mean we must disregard all evidence that does not support the finding, but if we determine that no reasonable fact finder could have formed a firm belief or conviction that the matter to be proven is true, then the evidence is legally insufficient." *In re E.M.E.*, 234 S.W.3d at 73.

In reviewing the evidence for factual sufficiency, we must give due deference to the fact finder's findings and not supplant its judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must determine whether, on the entire record, a fact finder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.–Amarillo 2006, no pet.). If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction in the truth of its finding, then the evidence is factually insufficient. *In re H.R.M.*, 209 S.W.3d at 108.

## III. ANALYSIS

Before terminating parental rights, the trial court must find that: (1) the parent committed an act prohibited by section 161.001(1) of the family code, and (2) termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001; *In re N.A.F.*, 282 S.W.3d 113, 115 (Tex. App.–Waco 2009, no pet.). The fact finder must find that both

5

elements are established by clear and convincing evidence; proof of one element does not relieve the movant of the burden of proving the other. *In re N.A.F.,* 282 S.W.3d at 115-16 (citing *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976)) (other citations omitted).

Here, the trial court found that clear and convincing evidence existed with respect to several grounds for termination that were pleaded in this case. However, appellant challenges only that the decision to terminate her rights was not in the children's best interest. In determining whether termination is in a child's best interest, the fact-finder may consider the following non-exhaustive list of factors outlined by the Texas Supreme Court: (1) the desires of the child; (2) the present and future physical and emotional needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the person seeking custody; (5) the programs available to assist those persons in promoting the best interest of the child; (6) the plan for the child by those individuals or by the agency seeking custody; (7) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not appropriate; (8) the stability of the home or proposed placement; and (9) any excuse for the acts or omissions of the parents. *Holley*, 544 S.W.2d at 371-72; *see In re D.M.,* 58 S.W.3d 801, 814 (Tex. App.–Fort Worth 2001, no pet.). "'Best interest' does not require proof of any unique set of factors, nor does it limit proof to any specific factors." *In re D.M.,* 58 S.W.3d at 814. The party seeking termination need not prove that each of the *Holley* factors favors termination, and the same evidence of acts or omissions used under section 161.001(1) of the family code may be probative in determining the best interests of the child. *In re*

6

*A.A.A.,* 265 S.W.3d 507, 516 (Tex. App.–Houston [1st Dist.] 2008, pet. denied). Specifically, cases that involve endangering drug abuse are not the types of cases where the parent's wrongful conduct should be ignored. *See Toliver v. Tex. Dep't of Family & Protective Servs.,* 217 S.W.3d 85, 101-02 (Tex. App.–Houston [1st Dist.] 2006, no pet.); *In re L.M.,* 104 S.W.3d 642, 648 (Tex. App.–Houston [1st Dist.] 2003, no pet.). Evidence of a parent's unstable lifestyle can support the conclusion that termination is in the child's best interest. *In re M.R.,* 243 S.W.3d 807, 821 (Tex. App.–Fort Worth 2007, no pet.). In particular, a parent's drug use and failure to comply with a family service plan support a finding that termination is in the best interest of the children.

Appellant argues that she has made great strides in getting her life in check, thus her parental rights should not be terminated. The supreme court has stated, however, that even when recent improvements are significant, "evidence of improved conduct, especially of short-duration, does not conclusively negate the probative value of a long history of drug use and irresponsible choices." *In re J.O.A.,* 283 S.W.3d 336, 346 (Tex. 2009). A trier of fact is not required to ignore a long history of drug abuse merely because there was testimony that such conduct had recently abated. *In the Interest of R.W.,* 129 S.W.3d 732, 742 (Tex. App.–Fort Worth 2004, pet. denied).

Here there was testimony of a long history of drug abuse by appellant. There was further testimony with respect to physical abuse upon A.M. There was also testimony that the children were flourishing in foster care and that the parents did not demonstrate the skills required to keep the children safe. The evidence was legally and factually sufficient to show that termination was in the best interest of the children. Although

7

evidence of past misconduct or neglect is not sufficient to show unfitness, a fact finder may permissibly infer that an adult's future conduct may well be measured by recent deliberate past conduct as it relates to the same or a similar situation. *Jordan v. Dossey*, 325 S.W.3d 700, 732 (Tex. App.–Houston [1st Dist.] 2010, pet. denied); *see May v. May*, 829 S.W.2d 373, 377 (Tex. App.–Corpus Christi 1992, writ denied). Appellant's sole issue is overruled.

## IV. CONCLUSION

We affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the
2nd day of June, 2011.