**Opinion issued January 18, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00875-CV

————————————

## IN THE INTEREST OF I.S.P., A CHILD

On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Case No. 21-FD-1461

## MEMORANDUM OPINION

The appellant, whom we refer to as Grandmother, challenges the trial court's dismissal of her suit seeking possession of or access to her grandchild, I.S.P., for lack of standing. Because we conclude Grandmother's affidavit alleged facts sufficient to establish her standing, we reverse the trial court's order dismissing the suit and remand the case for further proceedings.

# BACKGROUND

I.S.P.'s father died before I.S.P. was born. Shortly after I.S.P.'s birth, his paternal grandmother filed suit requesting grandparent possession of or access to I.S.P. Grandmother alleged that I.S.P.'s mother abused drugs and alcohol during her pregnancy with I.S.P. and that denying Grandmother access to I.S.P. would significantly impair his physical health or emotional well-being. The appellee, whom we refer to as Mother, moved to dismiss Grandmother's suit for lack of standing. Mother asserted that she had a constitutional right to determine who could be around her child, that Grandmother relied on hearsay and had not alleged any harmful behavior by Mother, and that Grandmother had no personal knowledge that Mother was an unfit parent. The trial court granted Mother's motion and dismissed Grandmother's suit. Grandmother now appeals.

# DISCUSSION

## *Grandparent Possession of or Access to Grandchild*

The Family Code authorizes a grandparent to request possession of or access to a grandchild by filing suit. TEX. FAM. CODE § 153.432(a). Section 153.432 of the Family Code confers standing on a grandparent who complies with the statute's requirements for filing suit. *See id.* § 153.432(c); *In re S.W.*, No. 02-21-00409-CV, 2022 WL 325385, at *7 (Tex. App.—Fort Worth Feb. 3, 2022, orig. proceeding) (mem. op.). That section requires a grandparent to execute an affidavit "on

2

knowledge or belief that contains, along with supporting facts, the allegation that denial of possession of or access to the child by the petitioner would significantly impair the child's physical health or emotional well-being." TEX. FAM. CODE § 153.432(c). The trial court must determine whether the alleged facts, if true, would be sufficient to support the relief authorized under Section 153.433. *Id.* If the facts are not sufficient, the grandparent has no standing, and the trial court must dismiss the suit for lack of subject-matter jurisdiction. *Id.*; *see S.W.*, 2022 WL 325385, at *5.

The relief authorized under Section 153.433 is an order granting reasonable possession of or access to a grandchild. TEX. FAM. CODE § 153.433(a). After a grandparent has established standing, to obtain possession of or access to a grandchild, the grandparent must "overcome[] the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being."[1] *Id.* § 153.433(a)(2). Therefore, to

---

[1] Section 153.433(a) also requires that: (1) "at the time the relief is requested, at least one biological or adoptive parent of the child has not had that parent's parental rights terminated"; and (2) "the grandparent requesting possession of or access to the child is a parent of a parent of the child and that parent of the child . . . is dead." TEX. FAM. CODE § 153.433(a)(1), (3)(C).

The parties do not dispute that Grandmother would establish both of these requirements because Mother has not had her parental rights terminated and Grandmother is the parent of I.S.P.'s father, who is dead.

3

establish standing, a grandparent must allege in the affidavit facts that, if true, would be sufficient to overcome that presumption.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution "protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *In re C.J.C.*, 603 S.W.3d 804, 807 (Tex. 2020) (orig. proceeding) (quoting *Troxel v. Granville*, 530 U.S. 57, 66 (2000) (plurality op.)). We presume that "fit parents act in the best interest of their children." *Id.* (quoting *Troxel*, 530 U.S. at 68). "[S]o long as a parent adequately cares for his or her children (*i.e.*, is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *Troxel*, 530 U.S. at 68–69.

This fit-parent presumption is incorporated into the grandparent-access statutes. *In re E.R.D.*, 671 S.W.3d 682, 687 (Tex. App.—Eastland 2023, no pet.). A grandparent seeking possession of or access to a grandchild has a "hefty statutory burden" to overcome the fit-parent presumption. *See In re Scheller*, 325 S.W.3d 640, 644 (Tex. 2010) (orig. proceeding) (per curiam); *see also In re Derzapf*, 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding) (per curiam) ("The Legislature set a high threshold for a grandparent to overcome the presumption that a fit parent acts in his children's best interest . . . .").

To allege facts that would overcome the fit-parent presumption, the grandparent must allege that the child's physical health or emotional well-being has been, and will continue to be, "significantly impair[ed]" by denying the grandparent's request for possession or access. TEX. FAM. CODE §§ 153.432, 153.433; *E.R.D.*, 671 S.W.3d at 688. This requires allegations of "specific, identifiable behavior or conduct" of the parent that will probably cause significant impairment. *Rolle v. Hardy*, 527 S.W.3d 405, 420 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (quoting *In re L.D.F.*, 445 S.W.3d 823, 830 (Tex. App.—El Paso 2014, no pet.)).[2] The identifiable behavior or conduct may include physical abuse, severe neglect, abandonment, drug or alcohol abuse, or immoral behavior. *Id.* Specifically, illegal drug use during pregnancy can support a significant impairment finding. *See In re K.D.H.*, 426 S.W.3d 879, 889–90 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding grandmother had standing under similar standing statute based in part on mother's positive test for marijuana while pregnant); *see also*

---

[2] *Rolle v. Hardy*, and *In re L.D.F.* on which it relies, both interpreted and applied a different nonparent standing statute, Section 102.004 of the Family Code. *See Rolle*, 527 S.W.3d at 419; *In re L.D.F.*, 445 S.W.3d at 828–29. Section 102.004 similarly requires proof of significant impairment to the child's physical health or emotional development. *Compare* TEX. FAM. CODE § 102.004(a), *with id.* § 153.432(c). Other courts have applied this same analysis in the context of the grandparent access statutes involved in this case. *E.g.*, *E.R.D.*, 671 S.W.3d at 688 (applying requirement of specific, identifiable behavior or conduct to grandparent access under Section 153.433); *In re D.D.L.*, No. 13-22-00062-CV, 2022 WL 3652496, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, no pet.) (mem. op.) (applying requirement of specific, identifiable behavior or conduct to grandparent access under Sections 153.432 and 153.433).

*In re N.E.*, No. 01-22-00739-CV, 2023 WL 2530197, at *8 (Tex. App.—Houston [1st Dist.] Mar. 16, 2023, pet. denied) (mem. op.) (explaining that mother's illicit drug use during pregnancy can support finding that she has endangered physical or emotional well-being of child). Illegal drug use also "can impair or incapacitate the user's ability to parent" after the child is born. *See In re A.B.*, No. 02-23-00124-CV, 2023 WL 5615870, at *4 (Tex. App.—Fort Worth Aug. 31, 2023, pet. denied) (mem. op.) (quoting *In re M.M.*, No. 02-21-00185-CV, 2021 WL 5227177, at *6 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.)).

A parent's past misconduct, standing alone, may not be sufficient to show present lack of parental fitness, but past conduct may be an indicator of future misconduct. *L.D.F.*, 445 S.W.3d at 830; *May v. May*, 829 S.W.2d 373, 377 (Tex. App.—Corpus Christi–Edinburg 1992, writ denied) (noting that past misconduct may not by itself show present unfitness but present unfitness "could hardly be shown without reference to the recent past behavior of the parent"); *cf. In re S.W.H.*, 72 S.W.3d 772, 778 (Tex. App.—Fort Worth 2002, no pet.) (finding no present significant impairment to child's health or emotional development, despite evidence that mother drank alcohol, smoked marijuana, and possibly used cocaine while pregnant, because it was uncontroverted that mother had remained sober since shortly after child was born).

The fact that a child misses or wants to see a grandparent does not meet the statutory burden. *See Derzapf*, 219 S.W.3d at 330, 334 (holding grandmother did not meet her statutory burden to show significant impairment despite evidence of child's "lingering sadness" about lack of contact with grandparents); *In re D.D.L.*, No. 13-22-00062-CV, 2022 WL 3652496, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, no pet.) (mem. op.) (explaining that frequent visits between grandparents and grandchildren, grandparents' attendance at children's school activities, or children saying they miss grandparents and want visitation do not demonstrate significant impairment). Nor can a grandparent meet the statutory burden by showing that the grandparent would be a better custodian, that the grandparent and the child have a strong, ongoing relationship, or that the parent would not have been a fit custodian at some time in the past. *D.D.L.*, 2022 WL 3652496, at *5.

### *Standard of Review*

We review the issue of standing de novo. *S.W.*, 2022 WL 325385, at *5. The party asserting standing has the burden of proof. *In re S.M.D.*, 329 S.W.3d 8, 13 (Tex. App.—San Antonio 2010, pet. dism'd). If a party lacks standing to assert a claim, the trial court must dismiss the claim for lack of subject-matter jurisdiction. *S.W.*, 2022 WL 325385, at *5.

7

When, as here, a statute confers standing, the statute provides the "proper framework" for our standing analysis. *Id.* We construe the pleadings in the light most favorable to the plaintiff and consider evidence presented by the parties. *Id.*; *In re Estep*, No. 13-23-00006-CV, 2023 WL 2207634, at *8 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2023, orig. proceeding) (mem. op.).

When evaluating standing under Section 153.432 of the Family Code, we do not need to determine whether the grandparent will ultimately prevail on the merits of her claim under Section 153.433. *See Estep*, 2023 WL 2207634, at *8; *In re B.G.D.*, 351 S.W.3d 131, 140 (Tex. App.—Fort Worth 2011, no pet.) (noting that although successful access suit would require the grandparent to satisfy Section 153.433, whether grandparent ultimately will succeed is different inquiry than standing issue).

### *Analysis*

In her affidavit to establish standing under Section 153.432 of the Family Code, Grandmother alleged:

- Mother refused to stop "popping pills," drinking alcohol, or smoking marijuana during her pregnancy with I.S.P.;
- Mother admitted to smoking marijuana even in her eighth month of pregnancy with I.S.P.;
- Mother had placed I.S.P.'s prenatal health at risk; and

- Denying Grandmother access would significantly impair I.S.P.'s physical health or emotional well-being.[3]

Grandmother has alleged specific, identifiable behavior or conduct that, if true, would have caused significant impairment to I.S.P.'s physical health or emotional well-being. *See* TEX. FAM. CODE § 153.432(c); *Rolle*, 527 S.W.3d at 420. Because recent past misconduct can be an indicator of future misconduct, and because drug abuse can affect the ability to parent, Grandmother's alleged facts also show Mother's behavior or conduct might cause significant impairment in the future. *See L.D.F.*, 445 S.W.3d at 830; *K.D.H.*, 426 S.W.3d at 889–90; *A.B.*, 2023 WL 5615870, at \*4. Grandmother alleged that Mother was abusing drugs into her eighth month of pregnancy, and Grandmother filed suit days after I.S.P. was born; thus, Grandmother alleged *recent* past misconduct. *See L.D.F.*, 445 S.W.3d at 830 (stating parent's past misconduct alone may be insufficient to demonstrate present unfitness but future conduct may be somewhat determined by *recent* past conduct); *cf. S.W.H.*, 72 S.W.3d at 778 (evidence that mother had abused drugs more than four years ago could not prove present significant impairment, particularly in light of evidence that mother had remained sober since shortly after child was born).

---

[3]  Grandmother alleged other facts to show Mother's lack of fitness, but these other alleged facts do not rise to the level of significant impairment. *See Rolle*, 527 S.W.3d at 420 (evidence of significant impairment must include specific, identifiable behavior or conduct such as physical abuse, severe neglect, abandonment, drug or alcohol abuse, or immoral behavior).

In response, Mother argues that Grandmother's affidavit is conclusory and insufficient to meet Grandmother's burden under Section 153.432. Mother argues that although Grandmother alleged Mother was "popping pills," she did not provide details about which pills, when or how often they were consumed, or the detrimental effects of the pills. Mother argues the same reasoning applies to Grandmother's allegations about alcohol and marijuana use.

A conclusory statement is one that states a "factual inference without stating the underlying facts on which the inference is based." *In re T.A.D.*, No. 14-16-00717-CV, 2017 WL 924550, at *4 (Tex. App.—Houston [14th Dist.] Mar. 7, 2017, no pet.) (mem. op.) (quoting *La China v. Woodlands Operating Co., L.P.*, 417 S.W.3d 516, 520 (Tex. App.—Houston [14th Dist.] 2013, no pet.)). A conclusory statement is not credible or susceptible to being readily controverted and thus fails to establish the stated inference. *See id.* But a simple statement of a rebuttable fact, as opposed to an inference from unstated facts, is not conclusory. *See Padilla v. Metro. Transit Auth. of Harris Cnty.*, 497 S.W.3d 78, 85–86 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (concluding affidavit was not conclusory because it contained statements of fact, not inferences from unstated facts); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 669–70 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (concluding affidavit was not conclusory because it contained statements of fact that could be rebutted, although it lacked additional supporting facts).

Here, we do not agree with Mother that Grandmother's statements are conclusory. Grandmother alleged Mother abused drugs and alcohol during her pregnancy with I.S.P., and as it concerns the use of drugs, she specifically averred Mother used marijuana in her eighth month of pregnancy. This is a simple statement of a rebuttable fact, as opposed to an inference based on unstated underlying facts. *See T.A.D.*, 2017 WL 924550, at \*4; *Padilla*, 497 S.W.3d at 85–86; *Pipkin*, 383 S.W.3d at 669–70. Grandmother's statements lack specific details, but more detail is not needed to aid the understanding that abusing drugs and alcohol during pregnancy can cause significant impairment. Grandmother's statements only identify Mother's behavior in the recent past, but specific behavior or conduct "could hardly be shown without reference to the recent past behavior of the parent." *May*, 829 S.W.2d at 377. Viewing her allegations in the light most favorable to Grandmother, we can infer that Mother's alleged drug and alcohol abuse may continue into the future. If these allegations are proven true, they could support a finding that denying Grandmother possession of or access to I.S.P. would significantly impair his physical health or emotional well-being and overcome the presumption that the parent acts in child's best interest. *See* TEX. FAM. CODE §§ 153.432, 153.433.

Grandmother's allegations describe a significant impairment that is much more significant than that in other, similar cases involving standing under Section

11

153.432. *See, e.g.*, *D.D.L.*, 2022 WL 3652496, at \*6 (concluding grandmother lacked standing when affidavit did not include supporting facts or identify specific behavior showing mother was unfit parent but "summarily stat[ed]" that lack of visitation with grandparent would significantly impair child's health or well-being); *In re H.L.*, 613 S.W.3d 722, 727 (Tex. App.—Fort Worth 2020, no pet.) (concluding grandmother lacked standing because she did not allege facts pertaining to current physical or emotional well-being but relied on previous close relationship with child, child's sadness and frustration that she could no longer visit grandparents, and conclusory assertion that denial of possession or access would significantly impair child's physical health or emotional well-being); *In re J.M.G.*, 553 S.W.3d 137, 143 (Tex. App.—El Paso 2018, orig. proceeding) (concluding grandmother lacked standing where grandmother's affidavit failed to allege any facts pertaining to children's physical health or emotional well-being and relied on close relationship with children, attendance at their school activities, and that children missed her); *Derzapf*, 219 S.W.3d at 330, 334 (concluding that, although grandmother had standing, she did not prove significant impairment to children's physical health or emotional well-being when family psychologist testified that children experienced "lingering sadness" about not being able to visit grandparents but stated these feelings did not rise to level of significant impairment and there was no evidence that father was not fit parent).

We conclude Grandmother's affidavit alleged facts supporting her allegation that denial of possession of or access to I.S.P. would significantly impair his physical health or emotional well-being, and, if true, these facts would support granting her possession or access under Section 153.433 of the Family Code. *See* TEX. FAM. CODE §§ 153.432(c), 153.433. Again, we do not decide whether Grandmother will ultimately prevail on the merits of her claim; we have only concluded that she has established standing to bring suit. *See Estep*, 2023 WL 2207634, at \*8; *B.G.D.*, 351 S.W.3d at 140. Therefore, we reverse the trial court's order dismissing the suit and remand the case for further proceedings.

## CONCLUSION

Because Grandmother provided an affidavit alleging specific facts that support her allegation that denial of possession of or access to I.S.P. would significantly impair his physical health or emotional well-being, she has established standing under Section 153.432 of the Family Code. Therefore, we reverse the trial court's order dismissing the suit and remand the case for further proceedings.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.